**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CAESAREA DEVELLE JAMES, JR.,**

       **Plaintiff,**

**v.**                        **Civil Action No. 1:14-cv-15**

**PETER A. BURR;**
**BARRON PECK BENNIE SCHLEMMER;**
**GUARANTEED RATE, INC., CEO and Pres.**

       **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

On January 21, 2014, *pro se* Plaintiff Caesarea Develle James, Jr. ("James") filed a Complaint in this Court. (Docket No. 1.) James also filed a motion for leave to proceed *in forma pauperis* (Docket No. 2), which the undersigned granted on January 24, 2014 (Docket No. 7). This matter was referred to the undersigned by United States District Judge Irene M. Keeley for recommended disposition on April 22, 2014. (Docket No. 11.) Accordingly, the undersigned has conducted an initial screening of James' Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I.   PROCEDURAL HISTORY

In 2006, James acquired two residences, one in Michigan and one in Ohio. United States v. James, 496 F. App'x 541, 543 (6th Cir. 2012). He acquired the residence in Ohio with two loans obtained from Guaranteed Rate, Inc. ("Guaranteed Rate"). Id. James "defaulted on both mortgages almost immediately" and filed for bankruptcy in 2007. Id. at 543-44. Shortly thereafter, the FBI conducted an investigation and concluded that James had submitted fraudulent documents to support his loan applications for the two residences. Id. at 544. He was indicted in the United States District Court for the Southern District of Ohio on charges of wire fraud, mail fraud, and passing a fictitious

obligation.  Id.  Subsequently, he was charged in a superseding indictment with a fourth charge of making false oaths during a bankruptcy proceeding.  Id.  After two trials, James was convicted of making false statements in bankruptcy, wire fraud, and mail fraud.  Id.  He was sentenced to 51 months' imprisonment.  Id. at 543.  The United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence.  Id. at 543, 550.  James is currently incarcerated at FCI Morgantown in Morgantown, West Virginia.

In 2007, prior to being convicted, James filed a foreclosure action in the Court of Common Pleas of Warren County, Ohio.  James v. Guaranteed Rate, Inc., No. 1:09-CV-673, 2012 WL 3023226, at *1 (S.D. Ohio July 24, 2012).  After the property was released by the trustee in James' bankruptcy proceedings, the state court entered final judgment in favor of Guaranteed Rate.  Id. Subsequently, in September 2009, James filed a Complaint against Guaranteed Rate in the Southern District of Ohio, alleging that Guaranteed rate "violated the Equal Credit Opportunity Act . . .; the Federal Fair Debt Collection Practices Act . . .; Ohio's Pattern of Corrupt Activities Act . . .; and other Ohio consumer protection laws."  Id.  Guaranteed Rate, represented by Peter Burr of the law firm Barron Peck Bennie & Schlemmer, filed a motion for summary judgment.  Id.  United States Magistrate Judge Stephanie K. Bowman recommended that Guaranteed Rate's motion for summary judgment be granted because James' claims were barred by *res judicata*.  Id. at 3-5.  United States District Judge Michael R. Barrett adopted that recommendation and granted Guaranteed Rate's motion for summary judgment.  James v. Guaranteed Rate, Inc., No. 1:09CV673, 2012 WL 4086808 (S.D. Ohio Sept. 17, 2012).

In January 2014, James filed a "Complaint for Independant [sic] Action Seeking Equitable Relief from Judgment due to Fraud upon the Court, to Vacate Judgment due to Extrinsic Fraud upon

the Court, did in Conspiracy to Commit Fraud upon the Court Rule 60(b)(3)." (Docket No. 1-1.)

In that Complaint, James alleges that the defendants committed fraud upon the Southern District of

Ohio by submitting forged documents in support of their motion for summary judgment. (Id. at 1-9.)

According to James, such fraud renders the previous judgment for Guaranteed Rate unenforceable

under Fed. R. Civ. P. 60(b)(3). As relief, James sees relief from the previous judgment under Rule

60(b)(3) and monetary damages. (Id. at 10.)

## II. ANALYSIS

### A. *Rule 60(b)(3) Motion*

As noted above, part of the relief James seeks is for the previous judgment in James v.

Guaranteed Rate, No. 1:09-cv-673 (S.D. Ohio Sept. 17, 2012), to be set aside due to the defendants'

alleged fraud upon that Court. James repeatedly invokes Fed. R. Civ. P. 60(b)(3) as support for his

claim. Under Fed. R. Civ. P. 60(b)(3), a court "may relieve a party or its legal representative from

a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party." However, "[a] motion brought pursuant

to Rule 60(b) of the Federal Rules of Civil Procedure for relief from a court order should be

addressed to the court which entered the order." Porcelli v. Joseph Schlitz Brewing Co., 78 F.R.D.

499, 500 (E.D. Wis. 1978) (citing Taft v. Donellan Jerome, Inc., 407 F.2d 807 (7th Cir. 1969);

United States ex rel. Aigner v. Shaughnessy, 175 F.2d 211 (2d Cir. 1949)). Accordingly, to the

extent James' Complaint can be construed as a motion pursuant to Fed. R. Civ. P. 60(b)(3), the

undersigned recommends that it be dismissed without prejudice, as James must file such a motion

in the Southern District of Ohio.

*B.*     *Venue*

To the extent that James' Complaint can be construed a general civil complaint against the defendants, the undersigned has considered whether the Northern District of West Virginia is the proper venue for this proceeding.  For purposes of venue, a civil action may be filed in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). James asserts that venue lies in the Northern District of West Virginia pursuant to § 1391(b)(3).

The undersigned disagrees.  The express language of § 1391(b)(3) provides that this section applies **only** "if there is no district in which an action may otherwise be brought as provided in this section."  As noted above, James is asserting that the defendants committed fraud during proceedings in <u>James v. Guaranteed Rate</u>, No. 1:09-cv-673 (S.D. Ohio Sept. 17, 2012).  He further asserts that all of the events giving rise to his claim occurred in Ohio, specifically, within the Southern District of Ohio.  Given this, the undersigned finds that proper venue lies in the Southern District of Ohio pursuant to § 1391(b)(2).  Therefore, there is no need to resort to the language of § 1391(b)(3) to determine whether the Northern District of West Virginia is the proper venue for James' matter.  Accordingly, the undersigned further recommends that James' Complaint be dismissed without prejudice for improper venue.

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that James' Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation/Opinion, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation/Opinion to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation/Opinion set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation/Opinion. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation/Opinion to any counsel of record herein and to mail a copy to the *pro se* Plaintiff at his last shown address by Certified United States Mail, Return Receipt Requested.

DATED: April 23, 2014


*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE