IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CEASAREA DEVELLE JAMES, JR.,**

   **Plaintiff,**

**v.**        //   CIVIL ACTION NO. 1:14CV15
             (Judge Keeley)

**PETER A. BURR;**
**BARRON PECK BENNIE SCHLEMMER;**
**GUARANTEED RATE, INC.,**

   **Defendants.**

**ORDER ADOPTING THE REPORT AND**
**RECOMMENDATIONS [DKT. NO. 12] AND DENYING AS MOOT THE**
**PLAINTIFF'S MOTION TO TRANSFER VENUE [DKT. NO. 15]**

Pending before the Court are the report and recommendations ("R&R") of Magistrate Judge John Kaull [dkt no. 12], and the motion of the plaintiff, Caesarea Develle James, Jr. ("James"), to transfer this action to the United States District Court for the Eastern District of Michigan [dkt. no. 15]. For the following reasons, the Court **ADOPTS** the R&R [dkt. no. 12], **DISMISSES** the case, and **DENIES AS MOOT** James' motion to transfer venue [dkt. no. 15].

James owned residences in Michigan and Ohio. United States v. James, 496 Fed. App'x 541, 543 (6th Cir. 2012). James acquired the Ohio residence with two loans obtained from defendant Guaranteed Rate, Inc. ("Guaranteed Rate"). Id. James defaulted on both mortgages, and filed for bankruptcy in 2007. Id. at 543-44. The Federal Bureau of Investigation began investigating James shortly

**JAMES V. BURR**                                                    **1:14CV15**

**ORDER ADOPTING THE REPORT AND
RECOMMENDATIONS [DKT. NO. 12] AND DENYING AS MOOT THE
PLAINTIFF'S MOTION TO TRANSFER VENUE [DKT. NO. 15]**

thereafter, and concluded that he had submitted fraudulent documents to support his mortgage applications. Id. at 544.

James was indicted in the United States District Court for the Southern District of Ohio on charges of wire fraud, mail fraud, passing a fictitious obligation, and making false oaths during a bankruptcy proceeding. Id. James was convicted of wire fraud, mail fraud, and making false oaths during a bankruptcy proceeding, and was sentenced to 51 months of imprisonment. Id. at 543-44. James' sentence was affirmed by the United States Court of Appeals for the Sixth Circuit. Id. at 543, 550. He is currently incarcerated at Federal Correctional Institute Morgantown ("FCI Morgantown") in Morgantown, West Virginia [dkt. no. 1 at 7].

In 2007, James filed a foreclosure action in Ohio state court [dkt. no. 12 at 2]. The state court entered a final judgment in favor of Guaranteed Rate. Id. In 2009, James sued Guaranteed Rate in the Southern District of Ohio, alleging violations of the Equal Credit Opportunity Act, the Federal Fair Debt Collection Act, the Ohio Pattern of Corrupt Activities Act, and other Ohio consumer protection laws. James v. Guaranteed Rate, Inc., 2012 WL 3023226 at *1 (S.D. Ohio July 24, 2012). Guaranteed Rate filed a motion

**JAMES V. BURR**  1:14CV15

**ORDER ADOPTING THE REPORT AND
RECOMMENDATIONS [DKT. NO. 12] AND DENYING AS MOOT THE
PLAINTIFF'S MOTION TO TRANSFER VENUE [DKT. NO. 15]**

for summary judgment, which the court ultimately granted.[1] James v. Guaranteed Rate, Inc., 2012 WL 4086808 at *2 (S.D. Ohio Sept. 17, 2012).

On January 21, 2014, James filed a complaint in this Court seeking equitable relief from the summary judgment order under Fed. R. Civ. Pro. 60(b)(3) on the grounds of fraud upon the Court [dkt. no. 1]. James alleged that the defendants submitted forged documents to support their motion for summary judgment [dkt. no. 1-1 at 1-9]. The Court referred the matter to Judge Kaull for initial review [dkt. no. 11].

Judge Kaull issued a report and recommendation on April 23, 2014, recommending dismissal of James' complaint [dkt. no. 12]. James did not file any objections to the R&R.[2] Less than one month later, while the matter was still pending, James filed a motion for transfer of venue to the Eastern District of Michigan [dkt. no. 15].

---

[1] Co-defendant Peter Burr was Guaranteed Rate's attorney in the case. Burr worked for Barron Peck Bennie & Schlemmer, also a co-defendant here.

[2] James' failure to object to the R&R not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**JAMES V. BURR**                                                    **1:14CV15**

**ORDER ADOPTING THE REPORT AND
RECOMMENDATIONS [DKT. NO. 12] AND DENYING AS MOOT THE
PLAINTIFF'S MOTION TO TRANSFER VENUE [DKT. NO. 15]**

Judge Kaull recommended in his R&R that the Court dismiss James' complaint due to improper venue [dkt. no. 12 at 3-4]. Judge Kaull bases his recommendation on two separate arguments: (1) James' claim for relief pursuant to Rule 60(b)(3) cannot be brought in this Court because it must be addressed to the court which entered the initial order; and, (2) to the extent James' complaint can be construed as a general civil complaint, this district is not the proper venue [dkt. no. 12 at 3-4]. James' claim is also untimely. Fed. R. Civ. Pro. 60(c)(1) (noting that a motion under Rule 60(b)(3) must be brought within one year after the entry of the judgment or order).

The Court finds no clear error in the analysis of the R&R. Its conclusion is bolstered by the fact that James filed a motion for transfer of venue following the R&R. The Court finds the recommendation of dismissal without prejudice to be appropriate; James can then refile his complaint in the appropriate court.

Accordingly, the Court **ADOPTS** the R&R [dkt. no. 12], **DISMISSES** the complaint **WITHOUT PREJUDICE**, and **DENIES AS MOOT** James' motion to transfer venue [dkt. no. 15].

It is so **ORDERED.**

**JAMES V. BURR**                                                    **1:14CV15**

**ORDER ADOPTING THE REPORT AND
RECOMMENDATIONS [DKT. NO. 12] AND DENYING AS MOOT THE
PLAINTIFF'S MOTION TO TRANSFER VENUE [DKT. NO. 15]**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro se</u> plaintiff, certified mail, return receipt requested.

DATED: October 15, 2014.

<pre>
                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE
</pre>